[Civ. No. 35131. Second Dist., Div. Five. Jan. 27, 1971.]

ROBERT TURNER, Plaintiff and Appellant, v.
LEIGHTON HATCH, as Director, etc., Defendant and Respondent.

## Counsel

Michael Korn, Monroe B. Weiner and Biafora & Weiner for Plaintiff and Appellant.

Thomas C. Lynch, Attorney General, and Ronald F. Russo, Deputy Attorney General, for Defendant and Respondent.

## Opinion

**FRAMPTON, J.\*—**

### Statement of the Case

After an administrative hearing, duly held, the respondent, Director of the Department of Professional and Vocational Standards, invalidated appellant's service dealer registration, effective September 13, 1968. Such invalidation was stayed for the period of three years on condition that appellant's registration be temporarily invalidated for a period of 90 days and that he comply with all rules and regulations of the Bureau of Electronic

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

Repair Dealer Registration. Respondent reserved the right to terminate probation in the event of a violation of the terms thereof during the period of probation.

Judicial review of the foregoing decision was not sought, and such decision has become final.

On March 5, 1969, an accusation was filed against appellant by the Bureau of Electronic Repair Dealer Registration alleging in substance that appellant had violated the terms of his probation in that he had violated certain provisions of the Business and Professions Code regulating the business of an electronic service dealer. A hearing on these charges was held and on July 15, 1969, respondent rendered his decision wherein he set aside the decision of September 13, 1968, and ordered that appellant's registration be permanently invalidated.

On August 11, 1969, appellant filed his petition for a writ of mandate to review the decision of July 15, 1969. The trial court, on August 11, 1969, refused to issue the alternative writ and refused to issue a temporary stay order against the invalidation of appellant's registration. On August 27, 1969, the state Supreme Court granted a stay of respondent's decision pending final determination of the cause on appeal. The appeal is from the order denying the alternative writ.

### Statement of Facts

Since the alternative writ of mandate was denied, no findings of fact were or could be made.[1] We must, therefore, resort to the allegations of fact in the petition for writ of mandate for a brief sketch of the background of the litigation.

The petition, in pertinent part, reads as follows:

"Petitioner, at all times mentioned in this petition, has been licensed as an electronic service dealer, under License Number 1847, issued by Respondent, and has been engaged in the electronic service business at 8997 Santa Monica Boulevard, Los Angeles, California.

"At all times mentioned in this petition, Respondent has been and now is the official charged with administering the provisions of the Electronic Repair Dealer Registration Law, Section 9800, *et seq.* of the Business and Professions Code.

---

[1]Had the trial court issued an alternative writ of mandate, it would have been required to reweigh the evidence and make its own findings of fact. (Cf. *Hutchinson v. Contractors' State etc. Bd.,* 143 Cal.App.2d 628, 631 [300 P.2d 216].)

"On or about September 13, 1968, Respondent adopted the hearing officer's proposed decision in Case No. 61-49, OLA 18072. A copy of said hearing officer's proposed decision is attached hereto, marked Exhibit A and made a part hereof by reference. Said proposed decision of the hearing officer found, *inter alia*:

"A. That Petitioner had been engaged in the electronic repair business for approximately 23 years, and employed thirteen persons in his establishment on a straight salary basis. (Finding V).

"B. That a former employee and agent of Petitioner, one BILL BAKER, committed certain acts constituting violations of Section 9841(a), 9841(d), 9841(f) and 9843 of the Business and Professions Code for which a three-month suspension was imposed on Petitioner. (Finding V).

"C. That Petitioner subsequently terminated the services of said BILL BAKER. (Finding V(2)).

"D. No finding was made that Petitioner had knowledge of, or in any way ratified the acts of said BILL BAKER.

"On or about March 5, 1969, Respondent made an Accusation and Notice of Termination of Probation, a copy of which Accusation and Notice of Termination of Probation is attached hereto, marked Exhibit B, and made a part hereof by reference.

"On or about July 15, 1969, Respondent adopted the hearing officer's proposed decision in Case No. 61-61, OLA 20665. A copy of the hearing officer's decision dated July 2, 1969 is attached hereto, marked Exhibit C, and made a part hereof by reference. Said decision of Respondent is to be effective on the 14th day of August, 1969. A copy of said decision is attached hereto, marked Exhibit D, and made a part hereof by reference.

"On or about July 23, 1969, Petitioner filed a Petition for Reconsideration of Respondent's decision pursuant to Section 11521 of the Government Code. A copy of said Petition is attached hereto, marked Exhibit E, and made a part hereof by reference.

"Petitioner has received no written ruling on his Petition for Reconsideration, but Petitioner's counsel was orally advised by Respondent on or about August 6, 1969 that said Petition had been denied. No further administrative review is provided by Respondent.

"Finding No. VII of Respondent's decision, Exhibit C, is not supported by the weight of the evidence to the extent that it finds that Petitioner violated the terms of his probation in that the weight of the evidence before the hearing officer showed that: On or about *September 5*, 1968, Petitioner

conferred with Frank Reynolds, Deputy Director of Respondent, as to the terms of the three-months suspension and probation then in effect (Exhibit A hereto). Petitioner advised Reynolds that he (Petitioner) was aware that he could not repair TV sets and certain other electronic appliances insofar as those repairs originated from the general public on a cash basis, and that he fully intended to comply with the terms of probation relating thereto. He did inquire of Reynolds whether the terms of probation precluded Petitioner from performing repairs on radios on service contracts, which were referred to Petitioner from manufacturers, such as Motorola, who had existing service contracts with Petitioner. Petitioner at all times mentioned herein had such a service contract with Motorola, Inc. Petitioner understood Reynolds to state that such work (contract service work) could be performed by Petitioner without violating the terms of his probation. Paragraphs A and B of Finding VII, Exhibit C hereto, refer to repairs on a Motorola table model radio, which Petitioner, pursuant to the discussion with Reynolds, believed he was able to do without violating the terms of his probation.

"Finding Number VIII is not supported by the weight of the evidence for the reasons advanced under Paragraph VIII hereof, which is incorporated by reference.

"Respondent's decision is not supported by the findings, and Respondent proceeded in excess of its jurisdiction in that:

"A. No evidence was introduced showing a knowing violation of Section 9841(f) of the Business and Professions Code by Petitioner.

"B. Respondent's decision states that Petitioner '. . . violated Section 9841(f) of the Business and Professions Code by acting as service dealer without having a currently valid registration as required by Section 9840 of said Code,' predicated on a finding that Petitioner repaired one radio (Finding VII), whereas the regulations of Respondent, 16 Cal. Adm. Code Sec. 2705 provide as follows:

" 'A person "engages in the business" of repairing sets within the meaning of Section 9801(g) of the Business and Professions Code:

" '(a) Where such person repairs *ten* or more sets in any consecutive twelve-month period, or

" '(b) Where such person holds himself out to the public as a service dealer and receives *ten* or more sets in any consecutive twelve-month period from the public for repair, and transmits or renders control of the sets, to another service dealer for repairs.'

"No evidence was introduced by Respondent showing that Petitioner repaired ten or more sets in any twelve-month period or any period.

"Respondent abused its discretion in that the penalty imposed upon Petitioner was not commensurate with the violation, if any, which Petitioner may have unintentionally committed.

"Petitioner has exhausted the available administrative remedies required to be pursued by him.

"Petitioner does not have a plain, speedy and adequate remedy in the ordinary course of law.

"If Respondent's decision is allowed to be executed, Petitioner will be irreparably injured in that Petitioner has been engaged in the electronic repair field for almost 25 years; that he is the sole support of his wife (now pregnant) and six children; that he employs approximately fifteen persons on a salary basis, which employment is the principal means of support of those persons and their dependents.

"WHEREFORE, Petitioner prays that:

"1. An alternative writ of mandamus be issued, ex parte; and

"2. An ex parte order be issued staying Respondent's decision and ordering Respondent to show cause why an order should not be granted further staying that decision; and

"3. A peremptory writ of mandamus be issued ordering the Respondent to set aside its decision;

"4. Petitioner recover his costs in this action; and

"5. Other relief be granted that the Court considers proper."

All requested relief was denied without a hearing, without the issuance of the alternative writ, and without any indication as to the basis for such denial.

### Contention on Appeal

The sole contention here is that the petition stated a cause of action entitling appellant to the issuance of the alternative writ of mandate and that it was reversible error to deny the issuance thereof.

### Discussion

The appeal being from a denial of the issuance of the alternative writ of mandate, presents a situation here where there are no findings or other indications bearing upon the trial court's decision. Had an alternative writ been issued, a transcript of the proceedings before the respondent and the

trial court would be available here as part of the record on appeal, and the trial court would have been required to reweigh the evidence adduced at the hearing before respondent, and to make its own findings of fact after reweighing such evidence. (*Moran* v. *Board of Medical Examiners,* 32 Cal. 2d 301, 308 [196 P.2d 20]; *Val Strough Chevrolet Co.* v. *Bright,* 269 Cal. App.2d 855, 860 [75 Cal.Rptr. 363].)

By the trial court's refusal to issue the alternative writ based solely upon the petition, it impliedly held that the petition failed to state a cause of action. ■ If the petition sets forth a prima facie basis for relief, then refusal to issue the alternative writ constitutes reversible error. (*Swital* v. *Real Estate Commissioner,* 116 Cal.App.2d 677, 679-680 [254 P.2d 587].)

■ The ordinary rules of pleading are applied in determining whether or not a petition which seeks the remedy of administrative mandamus states a cause of action. (Code Civ. Proc., § 1109.) "In the construction of a pleading, for the purpose of determining its effect, its allegations must be liberally construed, with a view to substantial justice between the parties." (Code Civ. Proc., § 452.)

In reversing a judgment of dismissal after the sustaining of a general demurrer to the petition seeking administrative mandamus pursuant to section 1094.5 of the Code of Civil Procedure the court said: "In the case at bench, as we have noted, the petition alleges, among other things, as heretofore pointed out, that the findings and decisions of the board are not supported by the evidence, procedural irregularities, abuse of discretion and that the decision was based in part on matters improperly received and not in evidence. These allegations, vague and general though they be, are sufficient to state a cause of action for a writ of mandate." (*Parker* v. *Board of Trustees,* 242 Cal.App.2d 614, 618 [51 Cal.Rptr. 653].)

■ Paragraph XI of the petition alleges that respondent abused his discretion in imposing the maximum penalty of revocation upon appellant for what was believed to be, at most, a technical violation. It would appear that appellant was entitled to have the trial court, based upon this allegation, determine whether the respondent had abused his discretion as alleged. (Cf. *Magit* v. *Board of Medical Examiners,* 57 Cal.2d 74, 88 [17 Cal.Rptr. 488, 366 P.2d 816]; *Harris* v. *Alcoholic Bev. etc. Appeals Bd.,* 62 Cal.2d 589, 594 [43 Cal.Rptr. 633, 400 P.2d 745]; *O'Reilly* v. *Board of Medical Examiners,* 66 Cal.2d 381, 388 [58 Cal.Rptr. 7, 426 P.2d 167].)

We are of the opinion that the petition sets forth facts sufficient to entitle the appellant to a judicial determination of the propriety of the action of respondent in permanently invalidating his registration as an electronic service dealer, and that the court's refusal to issue the alternative writ of

mandate to review the proceedings before respondent, to reweigh the evidence taken at the administrative hearing and to render its independent judgment thereon, has effectively deprived appellant of a hearing to which he is entitled under the law. It has, in effect, deprived appellant of his right to due process of law. (Cf. *Drummey* v. *State Bd. of Funeral Directors,* 13 Cal.2d 75, 84 [87 P.2d 848].)

The fact that this court has made reference only to the matter of the review of the penalty in connection with the sufficiency of the petition to state a cause of action is not intended to limit the scope of the review by the trial court.

The order denying the alternative writ is reversed with directions to issue the alternative writ as prayed.

Kaus, P. J., and Reppy, J., concurred.