[Civ. No. 38879. Second Dist., Div. Four. Dec. 18, 1972.]

ROBERT F. COLLINS, Plaintiff and Appellant, v.
BOARD OF MEDICAL EXAMINERS, Defendant and Appellant.

## COUNSEL

Evelle J. Younger, Attorney General, and Henry Lewin, Deputy Attorney General, for Defendant and Appellant.

Robert F. Collins, in pro. per., for Plaintiff and Appellant.

## OPINION

DUNN, J.—This appeal by the state Board of Medical Examiners is from a judgment of the superior court, entered pursuant to Code of Civil Procedure section 1094.5, ordering the issuance of a peremptory writ of mandate directing appellant board to set aside its decision revoking the license of Robert F. Collins to practice medicine in this state, and to reconsider the same in light of the trial court's findings and conclusions. Appellant

filed an opening brief but respondent doctor has filed none.[1] We reverse the judgment.

Pursuant to Business and Professions Code sections 2360 and 2361,[2] the executive secretary of the board filed an accusation charging Collins with "unprofessional conduct" as such term is defined in Business and Professions Code sections 2384, 2391.5 and 2399.5[3] in that petitioner (1) was convicted upon a plea of nolo contendere of violating section 11163[4] of the Health and Safety Code, i.e., issuing false and fictitious narcotics prescriptions; (2) violated Business and Professions Code section 2399.5 by prescribing dangerous drugs as defined in Business and Professions Code section 4211 without either a prior examination of the patient or medical indication therefor; (3) prescribed narcotics for persons not under his treatment for any pathology or condition in violation of Health and Safety Code section 11163; and (4) prescribed narcotics for persons representing themselves to be addicts, in violation of Health and Safety Code section 11164.[5]

The doctor filed a notice of defense and the matter was heard, pursuant to the administrative adjudication statutes (Gov. Code, § 11500 et seq.), by a district review committee composed of five licensed physicians and surgeons, plus a hearing officer from the Office of Administrative Proce-

---

[1] Dr. Collins also filed a cross-appeal which we dismissed because of his failure to file any opening brief in its support.

[2] Business and Professions Code section 2360 reads, in part: "Every certificate issued may be suspended or revoked."

Business and Professions Code section 2361 reads, in part: "The board shall take action against any holder of a certificate, who is guilty of unprofessional conduct which has been brought to its attention. . . ."

[3] Business and Professions Code section 2384 reads, in pertinent part: ". . . the conviction of a violation of the statutes of this State, regulating narcotics, or dangerous drugs, constitutes unprofessional conduct within the meaning of this chapter. . . . a plea of nolo contendere is deemed to be a conviction within the meaning of this section."

Business and Professions Code section 2391.5 reads: "The violation of any of the statutes of this State regulating narcotics and dangerous drugs, constitutes unprofessional conduct within the meaning of this chapter."

Business and Professions Code section 2399.5 reads: "Prescribing dangerous drugs as defined in Section 4211, without either a prior examination of the patient or medical indication therefor, constitutes unprofessional conduct within the meaning of this chapter."

[4] Health and Safety Code section 11163 reads, in pertinent part: ". . . no person shall prescribe . . . a narcotic . . . for any person who is not under his treatment for a pathology or condition. . . ."

[5] Health and Safety Code section 11164 reads, in pertinent part: "No person shall prescribe . . . a narcotic to an addict, or to any person representing himself as such. . . ."

dure. The committee's proposed decision was adopted by the board which ordered Dr. Collins' license to be revoked as of June 22, 1970.

Among other things, the board found (in its findings Nos. III-VI, inclusive) Dr. Collins to be guilty of unprofessional conduct: (1) as defined in Business and Professions Code section 2384 in that, following a plea of nolo contendere, he was convicted in the Los Angeles Superior Court of violating Health and Safety Code section 11163; (2) as defined in Business and Professions Code section 2399.5 in that he prescribed for several persons on numerous dates between November 7, 1967, and January 22, 1968, dangerous drugs, as defined in Business and Professions Code section 4211, without either a prior examination or medical indication therefor; (3) as defined in Business and Professions Code section 2391.5 in that he had violated Health and Safety Code section 11163,[6] a statute regulating narcotics, by prescribing narcotics for persons not under his treatment for any pathology or condition; (4) as defined in Business and Professions Code section 2391.5 in that he had violated section 11164 by prescribing narcotics for a person representing himself to be an addict. After stating its determination of the issues in accordance with its findings, the board ordered Dr. Collins' license revoked for *each* violation.

After the superior court hearing pursuant to Code of Civil Procedure section 1094.5, the trial judge found *all* of the board's findings to be supported by the weight of the evidence, but further found Collins "was not guilty of moral turpitude in that he did not act upon motives of baseness, vileness, or depravity." The trial judge concluded the "Board committed a prejudicial abuse of discretion . . . in revoking Petitioner's . . . certificate for each and all of the violations enumerated in Paragraphs III, IV, V, and VI" of its decision and that "[c]onsidering Petitioner's lack of moral turpitude, revocation of Petitioner's license or any other penalty which would effectively terminate Petitioner's career would be a prejudicial abuse of discretion."

 Dr. Collins was neither charged with, nor found guilty of, conduct involving "moral turpitude." He was charged only with "unprofessional conduct" which the trial court found to have been established before the board by the preponderance of the evidence. The question to answer then, is whether his license properly can be revoked for such conduct or whether a further charge and finding of moral turpitude was required.

---

[6] While the section violated was designated in the findings as 11164, it is obvious from the findings' description of the offense, as well as from conclusion number 4, that this is a misprint and should be 11163.

In a case like this, the function of the trial court is to exercise its independent judgment in reweighing the evidence (*Bixby* v. *Pierno* (1971) 4 Cal.3d 130 [93 Cal.Rptr. 234, 481 P.2d 242]; *Merrill* v. *Department of Motor Vehicles* (1969) 71 Cal.2d 907, 913-916 [80 Cal.Rptr. 89, 458 P.2d 33]; *Yakov* v. *Board of Medical Examiners* (1968) 68 Cal.2d 67, 71-72 [64 Cal.Rptr. 785, 435 P.2d 553]; *Moran* v. *Board of Medical Examiners* (1948) 32 Cal.2d 301, 308 [196 P.2d 20]), which it properly did. Our review of the facts is limited to determining if the evidence supports the trial court's findings (*Yakov* v. *Board of Medical Examiners, supra,* 68 Cal.2d at p. 69), but the trial court's legal conclusions are open to our examination to determine if errors of law were committed. (*Merrill* v. *Department of Motor Vehicles, supra,* 71 Cal.2d at p. 916; *Sunseri* v. *Board of Medical Examiners* (1964) 224 Cal.App.2d 309, 313 [36 Cal. Rptr. 553].)

The trial court's position, as expressed in its conclusions, was that the board was not, as a matter of law, justified in revoking Dr. Collins' license because of unprofessional conduct if such conduct did not amount to moral turpitude. We disagree.

First, and as a matter of procedure, the accusation charged the doctor only with unprofessional conduct, not with moral turpitude. The doctor should have challenged, within 15 days, the sufficiency of the accusation if he contended that it failed to state sufficient grounds (Gov. Code, §§ 11503, 11506, subd. (a)(2)); otherwise, objection to the accusation's sufficiency is waived. (*Goldsmith* v. *Cal. State Bd. of Pharmacy* (1961) 191 Cal.App.2d 866, 872-873 [13 Cal.Rptr. 139].)

Second, and as a matter of substance, the Business and Professions Code (§ 2361) authorized the board to take action against a certificate holder "who is guilty of unprofessional conduct," with no requirement of moral turpitude; unprofessional conduct is defined in several other sections. While section 2383 provides that conviction of *any* offense "involving moral turpitude constitutes unprofessional conduct," the Legislature concluded that conviction of a *narcotics offense,* alone, is sufficient to constitute unprofessional conduct and section 2384 so provides. Similarly, sections 2391.5 and 2399.5 contain no mention of moral turpitude. We conclude no such finding was required by the board and it was entitled to proceed against Collins under the code sections charged in the accusation.

The trial court and the doctor relied upon a number of cases which we distinguish. *Yakov* v. *Board of Medical Examiners, supra,* 68 Cal.2d 67, involved an accusation that Dr. Yakov was guilty of conduct involving

moral turpitude and the superior court's specific finding that the board's finding thereon was not sustained by the weight of evidence. *Merrill v. Department of Motor Vehicles, supra,* 71 Cal.2d 907, dealt with a similar problem and with interpretation of statutory language authorizing the department to deny Merrill's license application "for reasonable cause shown," and with interpreting the meaning of "bona fide dealer." *Morrison v. State Board of Education* (1969) 1 Cal.3d 214 [82 Cal.Rptr. 175, 461 P.2d 375] dealt with the board's revocation of a teaching credential on a finding of "immoral and unprofessional conduct and acts involving moral turpitude." The reviewing court, in essence, directed the board to determine if such conduct rendered petitioner unfit to teach. *Magit v. Board of Medical Examiners* (1961) 57 Cal.2d 74 [17 Cal.Rptr. 488, 366 P.2d 816] is directly contrary to Collins' position. It is stated in it that (p. 87) a violation of Business and Professions Code sections 2392 and 2378 constituted "unprofessional conduct," and was a proper ground for action against Dr. Magit, contrary to the trial court's conclusions.

In summary, we conclude the accusation was not required to contain, nor was the board required to find, that the conduct of Dr. Collins involved "moral turpitude."

Collins also contended in the trial court that the penalty imposed by the board properly was subject to judicial review in that court, in order to determine if the board abused its discretion by revoking his license. The trial court's conclusions, as already recited herein, stated that "[c]onsidering Petitioner's lack of moral turpitude, revocation of Petitioner's license . . . would be a prejudicial abuse of discretion . . . ." The trial court's judgment ordered the issuance of a peremptory writ of mandate, directing the board to set aside and "reconsider its Decision in light of this Court's Findings of Fact and Conclusions of Law and to exercise its discretion . . . in accordance therewith." Quite apparently, the conclusions and the judgment were founded upon a belief that a finding of moral turpitude was a primary requirement. As noted herein, we have disagreed.

■ Without dispute, it is the rule that a claimed abuse of an administrative board's discretion in ordering a penalty subjects the penalty to judicial review, pursuant to a proceeding under Code of Civil Procedure section 1094.5. (*Turner v. Hatch* (1971) 14 Cal.App.3d 759, 765 [92 Cal.Rptr. 643].) If the claimed abuse is substantiated, a writ may issue requiring the board's reconsideration. (*O'Reilly v. Board of Medical Examiners* (1967) 66 Cal.2d 381, 389 [58 Cal.Rptr. 7, 426 P.2d 167]; *Magit v. Board of Medical Examiners, supra,* 57 Cal.2d at pp. 87-88.)

The charges against Dr. Collins all were related to his professional conduct and, if established, could render him unfit to practice his profession. (*Grannis* v. *Board of Medical Examiners* (1971) 19 Cal.App.3d 551, 562 [96 Cal.Rptr. 863].) The established facts showed that Dr. Collins (1) had been convicted of violating a state narcotics statute; (2) prescribed 2,400 tablets of dangerous drugs, without making prior medical examinations or with medical indication therefor, over a period of three months to three undercover agents whose employment by the board was authorized under Business and Professions Code section 2116; (3) prescribed 250 narcotic tablets over a period of eight days for two persons who were not under his treatment for any pathology or condition whatever; and (4) prescribed 250 narcotic tablets over a period of 10 days to a person representing himself to be a narcotic addict. All of these acts by the doctor are declared by the Legislature to constitute "unprofessional conduct."[7]

In view of the rampant drug abuse problems existing today we cannot say as a matter of law that a board, composed chiefly of licensed doctors who presumably have some professional expertise in the matter, abused its discretion in revoking Collins' license. As stated by our Supreme Court in *Harris* v. *Alcoholic Bev. etc. Appeals Bd.* (1965) 62 Cal.2d 589, 594 [43 Cal.Rptr. 633, 400 P.2d 745]: "If reasonable minds might differ as to the propriety of the penalty imposed, this fact serves to fortify the conclusion that the [administrative body] acted within the area of its discretion." (And see: *Martin* v. *Alcoholic Bev. etc. Appeals Bd.* (1959) 52 Cal.2d 287, 293-294 [341 P.2d 296].) "It is equally well settled that in reviewing the penalty imposed by an administrative body which is duly constituted to announce and enforce such penalties, neither a trial court nor an appellate court is free to substitute its own discretion as to the matter; nor can the reviewing court interfere with the imposition of a penalty by an administrative tribunal because in the court's own evaluation of the circumstances the penalty appears to be too harsh. [Citation.] Such interference, in the light of the foregoing authorities, will only be sanctioned when there is an arbitrary, capricious or patently abusive exercise of discretion." (*Brown* v. *Gordon* (1966) 240 Cal.App.2d 659,

---

. [7]As already noted, the doctor's license was ordered revoked on a finding of his separate violations of separate Business and Professions Code sections. Even were an administrative order vacated as to some of those accusations, the accused would not be entitled to have the cause returned to the administrative agency to reconsider the penalty imposed. (*Grannis* v. *Board of Medical Examiners, supra,* 19 Cal.App.3d at pp. 563-564; *Shakin* v. *Board of Medical Examiners* (1967) 254 Cal. App.2d 102, 112 [62 Cal.Rptr. 274, 23 A.L.R.3d 1398].)

In view of our opinion, Dr. Collins' motion to augment the record, so as to include matter relating to his nolo contendere plea and conviction, is irrelevant and *the motion,* renewed at the time of oral argument, is denied.

667 [49 Cal.Rptr. 901].) Collins' added reliance upon *Magit, supra,* and *Harris, supra,* is without foundation, since these cases are distinguishable as stated herein and also as stated in *Brown, supra,* at pages 668-670.

We conclude the board did not abuse its discretion and that the trial court erred in holding that it did abuse it.

The judgment is reversed.

Jefferson, Acting P. J., and Kingsley, J., concurred.

A petition for a rehearing was denied January 10, 1973.