[No. B155440. Second Dist., Div. Six. Oct. 8, 2002.]

MELISSA JANICE OCHELTREE, Plaintiff and Appellant, v. STEVEN GOURLEY, as Director, etc., et al., Defendants and Respondents.

COUNSEL

Ronald A. Jackson for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

OPINION

**GILBERT, P. J.**—In a hearing for writ of mandate, the trial court did not independently weigh the evidence adduced at the administrative hearing. We reach this inescapable conclusion because the court made its decision without the administrative record of the hearing. It is one thing to put the cart before the horse. Here the trial court put the cart without the horse.

The Department of Motor Vehicles (DMV) suspended plaintiff Melissa Janice Ocheltree's driver's license because she was alleged to be driving while intoxicated. She appeals the superior court order denying her writ of mandate challenging the DMV's decision.

We conclude the trial court erred by not issuing an alternative writ and by ruling on the merits of her petition without reviewing the administrative record. This is an abdication of the court's obligation. We reverse and remand.

### FACTS

California Highway Patrol Officer John D. Williams received a dispatch call of a possible traffic collision involving a described vehicle. When he arrived at the reported location, the vehicle was not there. He drove two more miles before he found a vehicle matching the description. It was parked on the shoulder of the road with two flat tires. Ocheltree was in the car, the keys were in the ignition and the engine was warm.

Officer Williams concluded Ocheltree was intoxicated because she had bloodshot, watery eyes, an odor of alcohol on her breath, slurred speech and unsteady gait. He arrested her for driving while intoxicated at 10:15 p.m. (Veh. Code, § 23152.)[1] At 11:21 p.m., he administered a chemical test which showed Ocheltree's blood-alcohol concentration (BAC) was .19 percent. A second test, three minutes later, registered her BAC at .18 percent.

#### Administrative Hearing

Ocheltree requested a hearing before a DMV administrative law judge (ALJ) to challenge the suspension of her driver's license. Officer Williams

---

[1] All statutory references are to the Vehicle Code unless otherwise stated.

testified at the hearing. The ALJ found that Ocheltree was driving while intoxicated and ordered the suspension of her driver's license.

On page 1 of the decision, the ALJ found that Officer Williams "witnessed" Ocheltree "driving." But on page 2, the ALJ found that Officer Williams saw Ocheltree in a vehicle which "was stopped." In one part of the decision, the ALJ found that Officer Williams received the dispatch call at 10:08 p.m.; in another she found the time was 9:21 p.m.

The ALJ drew an inference that Ocheltree had been driving within three hours of the chemical tests. She based this in part on the 10:08 p.m. dispatch call. She found the presumption in section 23152, subdivision (b) was applicable. The section states, in part: "[I]t is a rebuttable presumption that the person had 0.08 percent or more, by weight, of alcohol in his or her blood at the time of driving the vehicle if the person had 0.08 percent or more, by weight, of alcohol in his or her blood at the time of the performance of a chemical test within three hours after the driving." (§ 23152, subd. (b).)

*Petition for Writ of Mandate*

On October 25, 2001, Ocheltree filed a petition for writ of mandate to challenge the ALJ's decision. She requested the preparation of the administrative record. The DMV had 30 days from receipt of her request to deliver the record to her. (Gov. Code, § 11523.) Her petition alleged that the ALJ decision was not supported by the evidence. In her trial court brief, she argued that the presumption under section 23152, subdivision (b) was not applicable. She contended the inference the ALJ drew that she drove within three hours of the test was not supported by the evidence. She claimed there was no evidence regarding (1) when the accident occurred, (2) when the person who reported the accident first saw it, and (3) when the dispatcher took that call. Ocheltree contended that the ALJ's inference was based on the erroneous finding that the dispatch call took place at 10:08 p.m. She claimed the correct time was 9:21 p.m., and the ALJ could not establish when she drove. She also argued that the evidence was insufficient to establish probable cause for the arrest.

In her points and authorities, Ocheltree requested that the court not decide the petition until after it had received and reviewed the administrative record. But on November 19, 2001, before the DMV had prepared the record, the court declined to issue an alternative writ and denied Ocheltree's

petition on the merits. It stated tersely: "The court has read and considered the petition for writ of mandate filed October 25, 2001. The petition for the writ is denied."

### DISCUSSION

██ Ocheltree contends the court erred by deciding her administrative mandamus case without reading the administrative record. We agree.

In an administrative mandamus case, the administrative record contains the evidence introduced at the administrative hearing. (Code Civ. Proc., § 1094.5, subd. (a).) ██ The superior court uses its independent judgment to review DMV hearing decisions which suspend driver's licenses. (*Berlinghieri v. Department of Motor Vehicles* (1983) 33 Cal.3d 392, 394 [188 Cal.Rptr. 891, 657 P.2d 383].) Under this standard of review, the court must independently weigh the evidence and may make its own findings. (*Levingston v. Retirement Board* (1995) 38 Cal.App.4th 996, 1000 [45 Cal.Rptr.2d 386].) It must set aside the administrative decision where the agency's findings are not supported "by the weight of the evidence." (Code Civ. Proc., § 1094.5, subd. (c).) The superior court decides the credibility of the witnesses in its review of the administrative record. (*Barber v. Long Beach Civil Service Com.* (1996) 45 Cal.App.4th 652, 658-660 [53 Cal.Rptr.2d 4].)

██ But where the court has no administrative record, it cannot weigh the evidence. Nor may it decide the sufficiency of the evidence supporting the administrative decision. (*Elizabeth D. v. Zolin* (1993) 21 Cal.App.4th 347, 353 [25 Cal.Rptr.2d 852].) Here the trial court was in no position to deny the writ without reviewing the administrative record.

The trial court stated it made its decision after reviewing the petition for writ of mandate. But it did not review the administrative record because it had not yet been prepared. Although Ocheltree requested the court not to rule until it reviewed the administrative record, the court did not wait for its completion. But Ocheltree raised evidentiary issues in her petition. She contended that the evidence did not support the administrative decision. Her trial brief stated there was no evidence to show when she drove, to establish probable cause, or to support the inference the ALJ drew. Ocheltree contended that the evidence regarding her intoxication in a car did not prove she was driving while intoxicated. The trial court could not independently weigh the evidence and resolve these issues without reviewing the administrative

record. (*Barber v. Long Beach Civil Service Com.*, *supra*, 45 Cal.App.4th at p. 659.) The court's precipitous action occurred before the agency could respond, let alone show up at the courthouse door.

The court read the findings in the administrative decision, but this cannot serve as a substitute for testimony in the record. (*Barber v. Long Beach Civil Service Com.*, *supra*, 45 Cal.App.4th at p. 659.) " 'California fixes responsibility for factual determination at the trial court rather than the administrative agency tier of the pyramid . . . .' " (*Ibid.*) Here the trial court evaded its responsibility.

Moreover, here the administrative findings were in conflict and the ALJ decision did not resolve all the factual issues. One part of the ALJ decision stated Officer Williams "witnessed" Ocheltree driving, but another part said he only saw her in a car which "was stopped." The ALJ decision set forth different times for the dispatch call to Officer Williams. But the ALJ utilized only the later time to rule that the presumption of section 23152, subdivision (b) was applicable. The ALJ made no findings regarding the time of the accident or whether Ocheltree was driving at that time. The only way for the court to resolve these evidentiary conflicts or make findings on these issues was to review the administrative record.

■ Ocheltree contends the court should have issued an alternative writ of mandate to require a DMV response and set a hearing for a peremptory writ. We agree. The alternative writ of mandate serves a function similar to that of a summons. (*Board of Supervisors v. Superior Court* (1994) 23 Cal.App.4th 830, 839 [28 Cal.Rptr.2d 560].) In an administrative mandamus case, it is reversible error for the superior court not to issue an alternative writ where the petition alleges grounds for relief. (*Turner v. Hatch* (1971) 14 Cal.App.3d 759, 765 [92 Cal.Rptr. 643].) Here, because the petition alleged that the evidence did not support the decision, it stated a ground for relief in mandamus. (*Parker v. Board of Trustees* (1966) 242 Cal.App.2d 614, 618 [51 Cal.Rptr. 653]; Code Civ. Proc., § 1094.5, subd. (c).) Moreover, the trial court's order made no findings on the material issues in the petition. In an administrative mandamus review, if the trial court does not make such findings the judgment must be reversed. (*Rabago v. Unemployment Ins. Appeals Bd.* (1978) 84 Cal.App.3d 200, 212 [148 Cal.Rptr. 499].)

Because the court erred, Ocheltree is entitled to a new peremptory writ hearing. (*Barber v. Long Beach Civil Service Com.*, *supra*, 45 Cal.App.4th at p. 660.) We do not reach Ocheltree's other contentions and, of course, make no decision on the ultimate merits of her case.

The judgment is reversed. We remand the case for the trial court to issue an alternative writ and set the case for a new hearing after it reviews and gives due consideration to the administrative record. Costs to appellant.

Yegan, J., and Coffee, J., concurred.