Filed 7/27/21 Tilton v. Cal. Dept. of Motor Vehicles CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| IZAIAH A. TILTON,<br><br>Petitioner and Appellant,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF MOTOR VEHICLES, ET AL.,<br><br>Respondents. | 2d Civil No. B309424<br>(Super. Ct. No. 20CV03444)<br>(Santa Barbara County) |

Appellant Izaiah Tilton petitioned for a writ of mandamus directing respondents California Department of Motor Vehicles and its director, Steve Gordon (collectively DMV), to rescind the suspension of his driver license. The trial court summarily denied the petition before it received a copy of the complete administrative record. In doing so, the trial court failed to independently weigh the evidence supporting DMV's findings. We reverse and remand.

FACTUAL AND PROCEDURAL BACKGROUND

A police officer at the University of California, Santa Barbara saw a silver Mercedes Benz speeding on El Colegio Road shortly after midnight on November 15, 2019. The car left the officer's view, but he spotted a similar one about 20 minutes later in nearby Isla Vista. He approached the Mercedes on foot, saw appellant in the driver's seat, and questioned him about his speeding on El Colegio Road. The officer suspected appellant had been drinking and seized his driver license when he declined a breath test.[1]

A DMV hearing officer found police properly seized appellant's license and suspended his driving privileges. Appellant sought review by petitioning for a writ of administrative mandamus on the grounds the decision was not supported by the weight of the evidence. (Code Civ. Proc., § 1094.5.)[2] He requested the court issue a peremptory writ directing DMV to rescind its suspension and return or reissue his license. Appellant immediately applied *ex parte* for an order staying his license suspension while the petition was pending.

The trial court heard the ex parte stay request six days after appellant filed his petition. It issued a written ruling the same day denying not only the stay request, but also the writ petition. It concluded DMV had "given Petitioner a thorough and fair opportunity to present his case" and "concluded the evidence was sufficient to suspend Petitioner's driving privilege." The trial

---

[1] Vehicle Code sections 13353 and 13353.1 authorize DMV to revoke a person's driving privileges for one year if the person refuses an officer's request to take a blood alcohol test when suspected of driving while intoxicated.

[2] We refer to the Code of Civil Procedure unless noted otherwise.

court denied appellant's request for a statement of decision explaining the ruling in more detail.

Appellant timely appealed. DMV is a party to the appeal but declined to respond to the opening brief.

DISCUSSION

The trial court uses its independent judgment when reviewing a decision by the DMV to suspend a driver's license. (*Berlinghieri v. Department of Motor Vehicles* (1983) 33 Cal.3d 392, 394; § 1094.5, subd. (c).) It must independently weigh the evidence and make its own findings. (*Levingston v. Retirement Board* (1995) 38 Cal.App.4th 996, 1000.) "[T]he party challenging the administrative decision bears the burden of convincing the court that the administrative findings are contrary to the weight of the evidence." (*Fukuda v. City of Angels* (1999) 20 Cal.4th 805, 817.) We generally review the trial court's rulings for substantial evidence, but "exercise independent review to the extent we determine legal issues such as the interpretation of statutes and administrative regulations." (*Harbor Regional Center v. Office of Administrative Hearings* (2012) 210 Cal.App.4th 293, 304 citing *Silver v. Los Angeles County Metropolitan Transportation Authority* (2000) 79 Cal.App.4th 338, 348.)

Appellant's petition stated he would lodge "a complete record of the administrative proceedings immediately after it is made available." The trial court disposed of the petition, however, before it received any of the record. It appears to have assumed the petition's four exhibits provided enough documentation to dismiss appellant's challenge out of hand. However, the court's written decision does not identify any procedural or substantive defect that may have justified its premature disposition. (See, e.g., *Gomez v. Superior Court* (2012) 54 Cal.4th 293, 301 [court may dismiss administrative writ petition if it "fails to allege a prima facie case for relief or is

3

procedurally defective"]; *Kingston v. Dept. of Motor Vehicles* (1969) 271 Cal.App.2d 549, 552 ["a court may deny an ex parte petition for an alternative writ of mandate 'out of hand' when it appears from the face of the petition that a peremptory writ will not be issued"].)

We conclude the superior court deviated from section 1094.5, subdivision (c)'s directive to "exercise its independent judgment on the evidence" when it disposed of the petition in this manner. "[W]here the court has no administrative record, it cannot weigh the evidence. Nor may it decide the sufficiency of the evidence supporting the administrative decision." (*Ocheltree v. Gourley* (2002) 102 Cal.App.4th 1013, 1017, citing *Elizabeth D. v. Zolin* (1993) 21 Cal.App.4th 347, 353.) The parties did not invite the court to hear the petition at this prefatory hearing. Appellant sought ex parte relief for the limited purpose of staying his suspension *lis pendens*; DMV did not even appear in the case until late December of 2020, seemingly unaware the court had ruled in its favor more than two months earlier.

## DISPOSITION

The judgment is reversed. We remand with directions to issue an alternative writ setting the case for hearing after the superior court receives, reviews, and considers the administrative record. Appellant shall recover his costs.

NOT TO BE PUBLISHED.


PERREN, J.

We concur:


GILBERT, P. J.          TANGEMAN, J.

4

Thomas P. Anderle, Judge
Superior Court County of Santa Barbara

_____


William C. Makler for Petitioner and Appellant.

Rob Bonta, Attorney General, Victoria Jalili, Deputy Attorney General, for Respondents.