[Civ. No. 16389. Third Dist. Mar. 15, 1978.]

SIERRA TERRENO, Plaintiff and Appellant, v.
TAHOE REGIONAL PLANNING AGENCY et al.,
Defendants and Respondents.

CAL-PACIFIC RESOURCES, INC., Plaintiff and Appellant, v.
TAHOE REGIONAL PLANNING AGENCY et al.,
Defendants and Respondents.

WALTER E. BLOOM et al., Plaintiffs and Appellants, v.
TAHOE REGIONAL PLANNING AGENCY et al.,
Defendants and Respondents.

**COUNSEL**

Brunn, Leighton, Miller & Rinehart and Gary R. Rinehart for Plaintiffs and Appellants.

Evelle J. Younger, Attorney General, E. Clement Shute, Jr., Assistant Attorney General, Leonard M. Sperry, Jr., Deputy Attorney General, Noble Sprunger, County Counsel, David E. Whittington, Assistant County Counsel, Owen & Rollston, Gary A. Owen and Kenneth C. Rollston for Defendants and Respondents.

**OPINION**

**REYNOSO, J.**—Plaintiffs, Sierra Terreno, etc., Cal-Pacific Resources, Inc., and Walter E. Bloom, et al., brought separate actions for inverse condemnation against the Tahoe Regional Planning Agency (TRPA). Plaintiffs owned real property situated in El Dorado County which previously had been zoned, assessed and valued for primarily industrial and commercial uses. The TRPA adopted a land use ordinance and reclassified plaintiffs lands as "general forest" and for other uses much more restrictive than those previously allowed.

Plaintiffs, in their complaints, claimed that the downzoning by the TRPA reduced the value of their property thereby depriving them of all its reasonable use, profit, and enjoyment without just compensation in violation of the California Constitution (art. I, § 9). Plaintiffs sought damages solely under the theory of inverse condemnation. A judgment of dismissal was entered by the trial court after defendants' consolidated demurrers were sustained without leave to amend. Plaintiffs appeal.

We conclude that an action for inverse condemnation cannot be maintained.[1] Accordingly, we affirm.

■ We are convinced that *HFH, Ltd.* v. *Superior Court* (1975) 15 Cal.3d 508 [125 Cal.Rptr. 365, 542 P.2d 237], controls. There, the court held that the mere diminution in value of property due to the rezoning of that property for less intensive uses does not give rise to an action in inverse condemnation. (See also, *Pinheiro* v. *County of Marin* (1976) 60 Cal.App.3d 323, at p. 325 [131 Cal.Rptr. 633].)

■ The actions of TRPA are challenged. The TRPA was created by an interstate compact set forth in Government Code section 66801. Article VI of the compact is the provision which details the agency's powers. The TRPA was given the power to enact regulations which would effectuate the adopted regional plans for the Lake Tahoe Basin. The TRPA is empowered to regulate, among other things, the water purity and clarity, subdivision, and zoning of the region. The TRPA was not given the power to condemn property for public use (art. VI).

The challenge fails. ■ The mere adoption of a general plan with areas designated for acquisition cannot give rise to a claim for inverse condemnation. (*Selby Realty Co.* v. *City of San Buenaventura* (1973) 10 Cal.3d 110, 119 [109 Cal.Rptr. 799, 514 P.2d 111]; *Pinheiro* v. *County of Marin, supra,* 60 Cal.App.3d at p. 325.) ■ A party has no vested interest in a previous zoning classification of his property. (*HFH, Ltd.* v. *Superior Court, supra,* 15 Cal.3d, at p. 516; *Pinheiro* v. *County of Marin, supra,* 60 Cal.App.3d 323, at p. 325.) ■ In this case the plaintiffs did not allege that any existing use of their land has been terminated by TRPA.

■ Plaintiffs allege on one hand that the actions of TRPA had deprived them of all reasonable use, profit and enjoyment of their properties; on the other hand, they concede in the pleadings that some value remained in the properties.[2]

[1] Neither can it be maintained against the county or state. By our resolution of the demurrer issue we need not face the ancillary issues raised by plaintiffs.

[2] These concessions belie the emphasis in plaintiff's brief that we deal with a taking of substantially all use, an issue left open by *HFH, Ltd.* v. *Superior Court, supra,* 15 Cal.3d 508.

The complaints stated that the remaining value was either nominal or no more than 25 percent of the former value. The plaintiffs did not allege that no value remained. At the hearing on the demurrer, counsel for the plaintiffs stated that the proof, as he then knew it, was that about 25 percent of the value remained.

Thus, we again see the similarity to *HFH*. There plaintiff had alleged that no reasonably beneficial use remained. It conceded that a value of $75,000 remained in the property (from the original $400,000). The Supreme Court held that the concession that value remained rebutted the allegation that there was no use for the property. (*HFH, Ltd.* v. *Superior Court, supra,* 15 Cal.3d at p. 512, fn. 2.) The court further noted that the plaintiff did not allege that the property was not suited to be used for a purpose for which it had been rezoned. (*Ibid.*)

Zoning and rezoning present perplexing problems of economic and environmental gain and loss. While some gain others lose. It is the Legislature which must strike the proper balance. Within the limits set by *HFH* the courts will exercise their duty to protect the individual from improper governmental taking of or damage to property.

The judgment is affirmed.

Friedman, J.,* concurred.

**EVANS, Acting P. J.**—I concur under the compulsion of the majority opinion in *HFH, Ltd.* v. *Superior Court* (1975) 15 Cal.3d 508 [125 Cal.Rptr. 365, 542 P.2d 237]. I am constrained however to voice my agreement with the rationale expressed in the dissent by Justice Clark.

A petition for a rehearing was denied April 4, 1978, and the petition of appellant Terreno for a hearing by the Supreme Court was denied May 11, 1978.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.