[Civ. No. 17568. Third Dist. Apr. 5, 1979.]

JAMES J. VISO, Plaintiff and Appellant, v.
THE STATE OF CALIFORNIA et al., Defendants and Respondents.

16

**COUNSEL**

Parichan, Renberg, Crossman & Harvey, Richard Crossman and Jeffrey H. Smith for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, E. Clement Shute, Assistant Attorney General, Owen & Rollston, Gary A. Owen and Kenneth C. Rollston for Defendants and Respondents.

**OPINION**

**REYNOSO, J.**—Plaintiff James J. Viso appeals from a judgment entered in favor of defendants State of California (State) and Tahoe Regional Planning Agency (TRPA) after the trial court sustained demurrers to his third amended complaint in inverse condemnation and deprivation of property without due process of law. We reverse the judgment only as to

plaintiff's cause of action for declaratory relief and injunction. We affirm in all other respects.

Plaintiff's original complaint named as defendants the State, TRPA, the County of Placer, and Richard M. Heikka. After the complaint was filed the parties agreed by stipulation that plaintiff be allowed to file a first amended complaint. The county, State and TRPA filed demurrers to the first amended complaint. Thereafter, plaintiff dismissed the county with prejudice. The trial court sustained demurrers to the first amended complaint and granted plaintiff 60 days in which to amend.

Plaintiff filed a second amended complaint. The State and TRPA again filed demurrers. The trial court sustained the demurrers and granted plaintiff 10 more days in which to amend. Plaintiff then filed his third amended complaint, the subject of this appeal, which alleged five causes of action. It asked that certain land use ordinances of TRPA be declared null and void, that plaintiff be granted the right to develop his property as if the ordinances were not in effect, and, in the alternative, that plaintiff recover $4.5 million for loss in value of his property. We thus focus on whether the third amended complaint states facts sufficient to constitute a cause of action against the State or TRPA. ■ We must, of course, accept as true all of the factual allegations in the complaint. (*HFH, Ltd.* v. *Superior Court* (1975) 15 Cal.3d 508, 511 [125 Cal.Rptr. 365, 542 P.2d 237].) We consider each cause of action in turn.

1. *The First Cause of Action*

Plaintiff's first cause of action alleged that he owned certain real property in Placer County and that prior to December 22, 1971, that property had been designated and zoned by Placer County so as to permit the development of low density residential structures. Plaintiff spent substantial monies in the development of the property for low density condominiums. On December 22, 1971, defendants adopted a regional plan for the Tahoe region which classified plaintiff's property as low density residential. Subsequent to the adoption of the regional plan defendants reclassified plaintiff's property as recreational and later as general forest. Plaintiff attacks the classification of general forest as unreasonable, capricious and arbitrary in that property surrounding and similar in kind, character and condition is classified other than general forest and in categories less restrictive.

Plaintiff petitioned to TRPA for a change and variance of the zoning restrictions, but TRPA rejected his petition. As the proximate result of the defendants' actions, the complaint alleges, plaintiff's property is substantially reduced in value and cannot be put to its highest and best use. Plaintiff claims damages in the amount of $4.5 million against the State and TRPA.

### a. *Inverse Condemnation*

" ' "It is thoroughly established in this country that the rights preserved to the individual . . . are held in subordination to the rights of society. Although one owns property, he may not do with it as he pleases any more than he may act in accordance with his personal desires. . . . [I]ncidental damages to property resulting from governmental activities, or laws passed in the promotion of the public welfare are not considered a taking of the property for which compensation must be made." (*Carter* v. *Harper* (1923) 182 Wis. 148 [, 153]. . . .)' (*Miller* v. *Board of Public Works, supra,* 195 Cal. 477, 488 [234 P. 381, 38 A.L.R. 1479].)" (*HFH, Ltd.* v. *Superior Court, supra,* 15 Cal.3d at p. 515.)

▆▆▆ Plaintiff alleged that his property was "substantially reduced in value and cannot be put to its highest and best use." He did not allege that no value or beneficial use of the property remained or that an existing use had been terminated. ▆▆▆ A party has no vested interest in a previous zoning classification of his property. (*HFH, Ltd.* v. *Superior Court, supra,* 15 Cal.3d at p. 516.) ▆▆▆ The California Supreme Court has held that the mere diminution in value of property due to the rezoning of that property for less intensive uses does not give rise to an action in inverse condemnation. (*Id.,* at p. 508. See also *Pinheiro v. County of Marin* (1976) 60 Cal.App.3d 323, 325 [131 Cal.Rptr. 633].) The question of whether the general forest classification of property by TRPA gives rise to an action in inverse condemnation has been before this court before. In *Sierra Terreno* v. *Tahoe Regional Planning Agency* (1978) 79 Cal.App.3d 439, at page 442 [144 Cal.Rptr. 776], we held that the general forest classification does not amount to a taking so as to give rise to an action in inverse condemnation when the plaintiff fails to allege that no value or use of the property remains. Conceivably a plaintiff might allege that no value or use remained under the general forest classification due to the peculiar nature of his property, however, plaintiff has not done so. He concedes that an economic use remains, and seeks recovery only for

the loss in value. Here, as in *Sierra Terreno, supra,* we must hold that no cause of action in inverse condemnation has been stated.[1]

#### b. *Declaratory and Injunctive Relief.*

Plaintiff alleged that he applied for and was denied a variance from the zoning classification. ██ ██ An action for declaratory or injunctive relief is not an appropriate action for the review of the denial of a petition for a variance, the agency's decision is reviewable only in a petition for a writ of administrative mandate. (*Hill* v. *City of Manhattan Beach* (1971) 6 Cal.3d 279, 287 [98 Cal.Rptr. 785, 491 P.2d 369]; *Livingston Rock etc. Co.* v. *County of L. A.* (1954) 43 Cal.2d 121, 128-129 [272 P.2d 4]; Code Civ. Proc., § 1094.5.) Plaintiff did not ask the trial court and does not ask us to consider his complaint as a petition for such a writ. ██ Although a complaint could be construed as a petition for a writ of administrative mandate under proper circumstances, plaintiff has not alleged facts which would entitle him to such a writ. He thus failed to allege facts which would entitle him to a variance (see Gov. Code, § 65906), and that TRPA proceeded without or in excess of its jurisdiction, denied him a fair hearing, or that there was a prejudicial abuse of discretion by TRPA. (Code Civ. Proc., § 1094.5.) ██ We conclude that plaintiff has not stated a cause of action in administrative mandate.[2]

---

[1]Although we are satisfied that plaintiff has failed to state a cause of action in inverse condemnation under the reasoning of *HFH, Ltd.* v. *Superior Court, supra,* 15 Cal.3d, page 508, we note that on March 14, 1979, the California Supreme Court considered the question of whether a zoning regulation which forbids substantially all use of land may give rise to an action in inverse condemnation, a question expressly left open in *HFH, Ltd.* (*Agins* v. *City of Tiburon* (1979) 23 Cal.3d 605 [153 Cal.Rptr. 224, 591 P.2d 514].) The court therein determined that even though a zoning ordinance forbids all use of the subject property, the landowner may not maintain an action in inverse condemnation, his remedy is an action for declaratory relief or administrative mandamus. This decision, which was filed subsequent to our hearing and consideration of the issues raised herein, is not yet final in the Supreme Court and thus we do not rely thereon; however, we note the pending applicability of that decision.

[2]Plaintiff has likewise not stated a cause of action for writ of "traditional" mandate. A writ of mandate cannot be used to control the lawful exercise of discretion and thus cannot be used to compel the grant of a variance or conditional use permit. (See *Rubin* v. *Board of Directors* (1940) 16 Cal.2d 119, 126-127 [104 P.2d 1041]; *Garden Grove Congregation* v. *City of Garden Grove* (1959) 176 Cal.App.2d 136, 140 [1 Cal.Rptr. 65].) While mandate is an appropriate remedy to compel the issuance of a building permit where the denial of the permit depends upon the validity of a zoning ordinance, plaintiff has not sought a building permit and does not seek an order that he be issued one. (See *Roman Cath. etc. Corp.* v. *City of Piedmont* (1955) 45 Cal.2d 325, 326 [289 P.2d 438]; *Floresta, Inc.* v. *City Council* (1961) 190 Cal.App.2d 599 [12 Cal.Rptr. 182].) There is no official ministerial action which plaintiff wishes to compel and thus an action in mandate has not been stated.

■ Plaintiff may properly test the validity of a zoning ordinance in an action for declaratory relief. (*Hill* v. *City of Manhattan Beach, supra,* 6 Cal.3d at p. 287.) Likewise he may maintain an action to enjoin the enforcement of the zoning ordinance if it is invalid. (*Greenfield* v. *Bd. of City Plan Commrs.* (1935) 6 Cal.App.2d 515, 518 [45 P.2d 219].) We must determine whether plaintiff has alleged facts which would establish such invalidity.

One permissible basis for an attack upon the validity of a zoning ordinance is that the zoning ordinance is "spot zoning." (See *Wilkins* v. *City of San Bernardino* (1946) 29 Cal.2d 332, 340-341 [175 P.2d 542].) Spot zoning occurs where a small parcel is restricted and given lesser rights than the surrounding property, as where a lot in the center of a business or commercial district is limited to uses for residential purposes thereby creating an "island" in the middle of a larger area devoted to other uses. (*Ibid.*) Usually spot zoning involves a small parcel of land, the larger the property the more difficult it is to sustain an allegation of spot zoning. (See *McCarthy* v. *City of Manhattan Beach* (1953) 41 Cal.2d 879, 894 [264 P.2d 932]; *Case* v. *City of Los Angeles* (1956) 142 Cal.App.2d 66, 69-70 [298 P.2d 50].) Likewise, where the "spot" is not an island but is connected on some sides to a like zone the allegation of spot zoning is more difficult to establish since lines must be drawn at some point. (*Lockard* v. *City of Los Angeles* (1949) 33 Cal.2d 453, 463-465 [202 P.2d 38, 7 A.L.R.2d 990].) ■ Even where a small island is created in the midst of less restrictive zoning, the zoning may be upheld where rational reason in the public benefit exists for such a classification. (See *Hamer* v. *Town of Ross* (1963) 59 Cal.2d 776, 783 [31 Cal.Rptr. 335, 382 P.2d 375]; *Reynolds* v. *Barrett* (1938) 12 Cal.2d 244, 251 [83 P.2d 29].)

■ Plaintiff alleged that the property surrounding his property which was similar and incidental [*sic*] in kind, character and condition to his property was classified and zoned less restrictively than general forest. It is the rule of this state that the allegations of a pleading must be liberally construed with a view to substantial justice between the parties. (Code Civ. Proc., § 452.) When considered under this standard plaintiff's allegations are sufficient to state a cause of action for declaratory relief and an injunction due to spot zoning and discrimination. While allegations that zoning is invalid due to discriminatory effect or spot zoning may be difficult of proof, it is not the function of a demurrer to try the action. We conclude that plaintiff has stated a cause of action for declaratory and injunctive relief.

█ The State contends that even if the action may be maintained against TRPA, it is not a proper party to the action. We disagree. Plaintiff has not stated a cause of action for money damages or inverse condemnation, and we need not determine whether the State would be a proper party on such a cause of action. Government Code section 66801, article V, subdivision c, states that all provisions of the Tahoe regional general plan shall be enforced by the agency and by the states, counties and cities in the region. The State is thus required to enforce the general plan. An action to enjoin enforcement and have the plan declared invalid is thus proper against the State.[3]

## 2. The Second Cause of Action

In the second cause of action plaintiff incorporated the allegations of the first cause of action, and alleged further that as a proximate result of the actions of TRPA and the state, he has been deprived of the beneficial use of his property in that he has no beneficial use of such property under the general forest classification. This further allegation adds nothing to the first cause of action. The failure to allege that no value of the property remained rebuts the allegation that no use remains. (*HFH, Ltd.* v. *Superior Court, supra,* 15 Cal.3d at p. 512, fn. 2. See also *Pinheiro* v. *County of Marin, supra,* 60 Cal.App.3d at p. 325.)

## 3. The Third and Fourth Causes of Action

In his third and fourth causes of action plaintiff incorporated the allegations of the first cause of action and alleged further that the purpose of the restrictive zoning of his property was to reduce the value of the property for the subsequent acquisition at reduced values. █ The general rule is that the purpose or motive of the agency passing an ordinance is irrelevant since the validity of the ordinance rests not on the subjective motivation but on the objective effect. (*McCarthy* v. *City of Manhattan Beach, supra,* 41 Cal.2d at p. 894; *Pinheiro* v. *County of Marin,*

[3]The State notes the recent United States Supreme Court opinion in *Lake Country Estates* v. *Tahoe Planning Agcy.* (1979) 440 U.S. 391 [59 L.Ed.2d 401, 99 S.Ct. 1171], in which it was indicated that TRPA is not an arm of the State subject to its control. The State thus argues that plaintiff may not proceed against it on a principal-agent theory and that the State is not vicariously liable for the acts of TRPA. Since we affirm the judgment against plaintiff on his inverse condemnation and money damage causes of action, the suit will not proceed against the State on a vicarious liability theory. The State's duty under Government Code section 66801, article V, subdivision c, is a direct duty of the State and it is to enjoin the performance of that duty that plaintiff may proceed with his suit. We thus find nothing in *Lake County Estates* v. *Tahoe Regional Planning Agency* inconsistent with the result we reach herein.

*supra,* 60 Cal.App.3d at pp. 327-328.) In this case there has been no actual taking, no enforced public use, and no prevention of use by the owner, and there has been no -eminent domain proceeding. If the public acquisition becomes a reality remedies are available. Meanwhile, the court may not speculate on the future intention of a public agency. (*Pinheiro* v. *County of Marin, supra,* 60 Cal.App.3d at p. 328; *Morse* v. *County of San Luis Obispo* (1967) 247 Cal.App.3d 600, 604 [55 Cal.Rptr. 710]; see also *HFH, Ltd.* v. *Superior Court, supra,* 15 Cal.3d at pp. 516-517, fn. 14.)

### 4. *The Fifth Cause of Action*

▇ Plaintiff's fifth cause of action alleges that the adoption of the general plan and zoning ordinances was for the purpose of preserving the land for public purposes and public uses, more particularly for a public park and campground, and that other properties of similar and identical nature and character and in proximity to plaintiff's property are not restricted to such use. Virtually all economic use of property contemplates use by the public. Plaintiff concedes that he may charge a price for the use of his land by anyone desiring to use it for the purposes in the zoning ordinance; that concession prevents us from construing the allegations of the fifth cause of action to mean that the ordinance requires the free and open public use of his property. (*HFH, Ltd.* v. *Superior Court, supra,* 15 Cal.3d at pp. 518-520; see also *Eldridge* v. *City of Palo Alto* (1976) 57 Cal.App.3d 613, 624-628 [129 Cal.Rptr. 575].) The allegations that other similarly situated property has not been so zoned merely realleges the first cause of action as it states a cause of action for spot zoning.

### Conclusion

The judgment of the Superior Court of Placer County on plaintiff's cause of action for declaratory and injunctive relief based upon the alleged invalidity of the Tahoe Regional Planning Agency zoning regulations as applied to his property is reversed and remanded with directions to proceed in accordance with the views we express. In all other respects the judgment is affirmed.

Regan, Acting P. J., and Paras, J., concurred.