[No. B090496. Second Dist., Div. Six. Sept. 28, 1995.]

FAIRY LEVINGSTON, Plaintiff and Respondent, v.
RETIREMENT BOARD OF THE SANTA BARBARA COUNTY
EMPLOYEES' RETIREMENT SYSTEM, Defendant and Appellant;
COUNTY OF SANTA BARBARA, Real Party in Interest and Appellant.

**COUNSEL**

Stephen Shane Stark, County Counsel, Martin G. McKenzie and David Allen, Deputy County Counsel, for Defendant and Appellant and for Real Party in Interest and Appellant.

Allan S. Ghitterman for Plaintiff and Respondent.

## OPINION

**GILBERT, J.**—The Retirement Board of the Santa Barbara County Employees' Retirement System appeals a judgment in administrative mandamus that directs it to grant a disability retirement to Fairy Levingston. The trial court's findings are final. The board does not have a second opportunity for another hearing. (Code Civ. Proc., § 1094.5.) We affirm.

## FACTS

On July 25, 1991, Fairy Levingston sought a disability retirement from Santa Barbara County Employees' Retirement System, claiming a permanent disability due to progressive rheumatoid arthritis. (Gov. Code, § 31720.) A year later, she amended her application for disability retirement to claim the disability was service connected.[1]

At the time of her application for disability retirement, Levingston was 40 years old and had suffered from progressive rheumatoid arthritis for 8 years. The disease mostly affected her wrist, hands, and feet, but at times, other joints were involved. Despite daily medications, Levingston described her pain level as between five and six on most days, on a scale of one to ten. During the prior eight years, Levingston tried braces and splinting of affected joints, gold injections, massage, acupuncture, chiropractic treatment, dietary restrictions, steroid medications, anti-inflammatory drugs, and pain relievers. Levingston required assistance from her family with her grooming. Morning stiffness associated with the arthritis required several hours and daily medication to resolve.

Doctor Karen Kolba had treated Levingston for five years. She opined that Levingston could not walk, stand, or use a pen or typewriter "for extended periods of time." Doctor Daniel Gibson, an independent medical examiner, examined Levingston and opined she could perform her job requirements, including typing and filing. During active periods of her disease, he recommended that Levingston delegate any physical tasks required of her.

Levingston was employed as a "legal process supervisor" for the Santa Maria branch of the Santa Barbara County Municipal Court. She described her employment duties as involving computer data entry, note taking and handwriting, filing, and retrieving files. Levingston believed her job duties involved unrealistic deadlines and goals. She also described her job as stressful and her supervisor as "verbally abusive."

---

[1] The parties have reserved for future litigation the question whether Levingston's disability is service *connected*.

By contrast, Levingston's employer described Levingston's employment duties as supervisory and involving no physical demands. Levingston could delegate those tasks requiring joint movement or strength, according to the official job description.

On January 12, 1993, a referee held a hearing concerning Levingston's application for disability. He concluded that Levingston suffered from progressive rheumatoid arthritis but was not permanently disabled from performing her job. The referee reasoned that Levingston held a supervisory position and could delegate typing, filing, and other physical tasks to the employees she supervised. He concluded that she could perform "supervisory, interpersonal or phone [tasks] or other requirements of the job that do not involve joint function." The Retirement Board of the Santa Barbara County Employees' Retirement System (Board) then approved and adopted the referee's factual findings and recommended decision.

On July 15, 1993, Levingston filed a petition for administrative mandamus in the trial court under Code of Civil Procedure section 1094.5. After a hearing and consideration of the administrative record, the trial court granted the petition. The trial judge instructed the Board "to award [Levingston] a disability retirement." In a statement of decision, the trial judge explained that Levingston's testimony concerning her job duties was more credible than that provided by the Board.

The trial judge stated: "But you rarely see somebody so terribly disabled and . , . required to perform under the stated job description or under [her view of her job description]. Under either one she can't do it. Can't do it without pain." "She's a Stoic who lives in pain." "She has to go deal with the public. Get on her feet. She doesn't just sit in an easy chair."

The trial judge also weighed the medical evaluations concerning Levingston differently and more favorably to Levingston than did the hearing referee.

The Board appeals and challenges the trial court's authority, under Code of Civil Procedure section 1094.5, to compel it to take a specific action.

## Discussion

The Board contends the trial court's judgment unlawfully limits the Board's discretion under Code of Civil Procedure section 1094.5, subdivision (f). That subdivision provides: "Where the judgment commands that the order or decision be set aside, it may order the reconsideration of the case in

the light of the court's opinion and judgment and may order respondent to take such further action as is specially enjoined upon it by law, but the judgment shall not limit or control in any way the discretion legally vested in the respondent." The Board argues that the trial court has substituted its own findings for those of the Board. It also asserts that the trial court must, by command of section 1094.5, subdivision (f), remand this matter for redecision. We disagree.

It is well settled that the trial court must exercise its independent judgment when reviewing the evidence presented at a county employee disability retirement hearing. (*Strumsky* v. *San Diego County Employees Retirement Assn.* (1974) 11 Cal.3d 28, 32 [112 Cal.Rptr. 805, 520 P.2d 29].) In this review, the trial court may reweigh the evidence. (*Id.*, at p. 44.) After independently reviewing the administrative record, the trial court then may make its own factual findings. (*Hittle* v. *Santa Barbara County Employees Retirement Assn.* (1985) 39 Cal.3d 374, 388, fn. 9 [216 Cal.Rptr. 733, 703 P.2d 73].) These powers of independent review would be meaningless if the trial court were then required to return the matter to the administrative agency for retrial and redecision. As Levingston points out, the process could go on forever.

Here Levingston had a full evidentiary hearing before a hearing referee. The Board adopted the referee's findings and recommended decision. Levingston requested reconsideration, which was denied. For administrative purposes, the issue of disability was litigated and decided. The trial court could then reweigh the evidence and make its own findings. (*Hittle* v. *Santa Barbara County Employees Retirement Assn.*, *supra*, 39 Cal.3d 374, 388, fn. 9.)

In similar situations, our Supreme Court has impliedly approved judicial findings and determinations that overturn those of administrative boards and agencies. (E.g., *Tripp* v. *Swoap* (1976) 17 Cal.3d 671, 675-677 [131 Cal.Rptr. 789, 552 P.2d 749], overruled on other grounds by *Frink* v. *Prod* (1982) 31 Cal.3d 166, 180 [181 Cal.Rptr. 893, 643 P.2d 476] [trial court set aside administrative decision as unsupported by sufficient evidence and directed award of benefits]; *Strumsky* v. *San Diego County Employees Retirement Assn.*, *supra*, 11 Cal.3d 28, 46 [Determination of right to disability pension "must be made by the court through the exercise of its independent judgment on the evidence produced before the Board." (Fn. omitted.).)

The judicial decisions, upon which the Board relies, are factually different because they do not involve the sufficiency of evidence to support an administrative finding that can only be a positive or negative finding. Thus,

*Lindell Co.* v. *Board of Permit Appeals* (1943) 23 Cal.2d 303, 322-324 [144 P.2d 4], held that mandamus could not compel a permit board to grant a building permit where ordinances permitted waiver of building restrictions as "a matter of grace." *Jaffee* v. *Psychology Examining Com.* (1979) 92 Cal.App.3d 160, 167-170 [154 Cal.Rptr. 687], held that a court may not mandate a licensing agency to license an applicant where the agency is authorized to determine an applicant's general qualifications to practice a profession. *Viso* v. *State of California* (1979) 92 Cal.App.3d 15, 21, footnote 2 [154 Cal.Rptr. 580], held that a writ of mandate could not compel an agency to grant a zoning variance or conditional use permit. In *Medlock Dusters, Inc.* v. *Christensen* (1973) 35 Cal.App.3d 565, 570-571 [110 Cal.Rptr. 805], the trial court acted improperly by substituting its penalty for that imposed by the agency and by not remanding the matter after interpreting the statute in issue.

These decisions state the familiar rule that mandamus cannot control the lawful exercise of discretion by an agency. (*Viso* v. *State of California*, *supra*, 92 Cal.App.3d 15, 21, fn. 2; 8 Witkin, Cal. Procedure (3d ed. 1985) Extraordinary Writs, § 80, pp. 720-721.) Here the trial court was obliged to exercise its independent judgment when reviewing the evidence offered at the administrative hearing. (*Strumsky* v. *San Diego County Employees Retirement Assn.*, *supra*, 11 Cal.3d 28, 32.) After so evaluating the evidence, it could make findings and direct the Board to award Levingston a disability retirement. (*Id.*, at p. 46, fn. 18; *Tripp* v. *Swoap*, *supra*, 17 Cal.3d 671, 675-676.)

Accordingly, the judgment is affirmed. Appellants shall bear costs on appeal.

Stone (S. J.), P. J., and Yegan, J., concurred.