Peter **BULLOCK**, Plaintiff—Appellant,

v.

**TOWN OF WOODSIDE,** a municipal corporation; Town Counsel of the Town of Woodside, Defendants—Appellees.

No. 01–17310.

D.C. No. CV98–0163–MJJ.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 17, 2003.

Decided April 7, 2003.

Before HUG, ALARCÓN, and GRABER, Circuit Judges.

MEMORANDUM *

Peter Bullock appeals from the district court's dismissal of most of his claims arising under 42 U.S.C. §§ 1983 and 1985 as barred by the statute of limitations. The district court granted summary judgment against Bullock regarding the remaining claim. He alleges that a string of acts by the Town of Woodside ("Town") collectively deprived him of his rights to petition the Government, to obtain due process, and to receive equal protection under the Fourteenth Amendment. We affirm.

**I**

Bullock contends that the district court erred in dismissing his pre–1997 claims because the statute of limitations was equitably tolled while he pursued administrative remedies. Bullock did not raise this issue in his opposition to the Town's motion to dismiss the second amended complaint. "[A] federal appellate court does not consider an issue not passed upon below." *Singleton v. Wulff,* 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976).

In *Bullock v. Town of Woodside,* No. 99–15444, 2000 U.S.App. LEXIS 12814, at *9, 2000 WL 734513 (9th Cir. June 7, 2000) (*"Bullock I"*), we affirmed the dismissal of

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

all of Bullock's claims in a prior complaint except for those requesting money damages under §§ 1983 and 1985 and relating to conduct occurring during or after 1997. After *Bullock I,* Bullock was aware that if he could not successfully assert a continuing violation, all of his claims relating to pre-limitations conduct would be dismissed as time barred. Bullock did not argue equitable tolling in opposition to the motion to dismiss. We, therefore, decline to consider the issue of equitable tolling. *Partenweederei, MS Belgrano v. Weigel,* 313 F.2d 423, 425 (9th Cir.1962) (per curiam) (noting that this policy prevents piecemeal litigation, aids the appellate court by giving it the benefit of the district court's ruling, and prevents a litigant from withholding issues to advance a litigation strategy).

## II

■ Bullock also maintains that the district court erred in dismissing his pre–1997 claims because the Town engaged in interrelated and continuous conduct which, under the continuing violation doctrine, should limit application of the statute of limitations. To avoid dismissal, Bullock was required to "state facts sufficient ... [to] support[ ] a determination that the alleged discriminatory acts are related closely enough to constitute a continuing violation, and that one or more of the acts falls within the limitation period." *De-Grassi v. City of Glendora,* 207 F.3d 636, 645 (9th Cir.2000) (internal quotation marks omitted).

Bullock argues that the 1997 variance denial relates to the Town's approval of his original site-development plan in 1985. His second amended complaint does not allege how the variance would have affected the designation of buildings on the site-development plan nor how the Town's conduct necessitated the variance applica-

tion. Further, a variance does not seek to correct prior development decisions on particular properties, but instead is a prospective request that a specific zoning restriction not apply to a development due to special circumstances unique to a specific parcel. *See* Cal. Gov't Code § 65906 (West 2003) (describing the role of a variance).

Bullock further alleges that the Town repeatedly demanded that he re-designate his guest house to conform with Town Ordinance 1988–363, delaying the issuance of various permits during the limitations period. The only permit application Bullock made during the limitations period is a 1998 application for a pool shed. Bullock did not allege how the building designations on the site development plan relate to his permit application for a pool shed.

Bullock maintains that at the 1997 variance hearing, the Town harassed him about his use of his barn as residential rental property and that the accusation served as an improper basis for denying his variance application. However, we noted in *Bullock I* that he agreed to dismiss all federal claims relating to the barn enforcement action pursuant to a July 26, 1999, stipulation. *Bullock I,* 2000 U.S.App. LEXIS 12814, at *6.

Bullock also asserts that the Town precluded him from applying for an exception to or exemption from Ordinance 1988–363 and intentionally misinterpreted an easement to reduce the size of any new buildings on the six-acre parcel. These allegations are vague and unsupported by specific facts.

While Bullock's complaint shows a long-standing state of animosity with Town officials, his "allegation of a continuing violation of his rights is wholly conclusory and unsupported by specific facts.... [H]is complaint appears simply to describe a

sporadic series of independent land-use decisions—code changes, zoning changes, permit denials, and the like...." *Bullock I,* 2000 U.S.App. LEXIS 12814, at *8. The district court properly dismissed Bullock's pre-limitation period claims because Bullock failed to allege a continuing violation.

### III

Finally, Bullock argues that the district court erred in granting summary judgment as to his final claim based on the 1997 variance denial. The district court ruled that by failing to seek state court review of the variance denial by way of administrative mandamus, and because the variance proceedings met the requirements of fairness set out in *United States v. Utah Construction & Mining Co.,* 384 U.S. 394, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966), Bullock was precluded from challenging the variance denial in federal court. We agree. Federal courts generally accord the decision of a state administrative tribunal the same preclusive effect that the judgment would receive in state court. *Univ. of Tenn. v. Elliott,* 478 U.S. 788, 797–99, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986). In California, an administrative decision denying a petition for a zoning variance can be reviewed only on petition for a writ of administrative mandate. Cal. Civ.Proc.Code § 1094.5 (West 2003); *Viso v. State,* 92 Cal.App.3d 15, 21, 154 Cal. Rptr. 580 (Ct.App.1979).

Bullock maintains that he did not receive a fair opportunity for an adjudication on the merits. The district court noted that the Town council asked Bullock how much time he required. His response was "five or six minutes." The Town council offered him more. Bullock revised his estimate to "ten minutes." The Town did not count its questions against the allotted ten minutes. Bullock has failed to demonstrate that he was prevented from speaking at the administrative proceeding, that the time-keeping was manipulated, or that he did not receive a fair opportunity to argue for his variance application.

AFFIRMED.