Filed 8/28/14  Tworek v. Cal. State Teachers' Retirement System Bd. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| RICHARD K. TWOREK, | |
| Plaintiff and Respondent, | E057695 |
| v. | (Super.Ct.No. RIC1113020) |
| CALIFORNIA STATE TEACHERS' RETIREMENT SYSTEM BOARD et al. | OPINION |
| Defendants and Appellants. | |

APPEAL from the Superior Court of Riverside County.  Robert Gregory Taylor, Judge.  Affirmed.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie Weng-Gutierrez, Jennifer M. Kim and Carmen D. Snuggs, Deputy Attorneys General, for Defendants and Appellants.

Best Best & Krieger, Howard Golds and Elizabeth A. James for Plaintiff and Respondent.

1

Defendants and appellants California State Teachers' Retirement System Board (Board) and California State Teachers' Retirement System (CalSTRS) (collectively, "Appellants") appeal a judgment granting a petition for peremptory writ of administrative mandate (the Petition), which vacated the decisions of an administrative law judge and the Board denying the application for disability retirement benefits of plaintiff and respondent Richard K. Tworek (Tworek). The trial court remanded the matter to the Board for further proceedings consistent with the trial court's analysis. Appellants do not challenge the trial court's decision to vacate the decisions, but argue the trial court exceed its scope of review and divested them of their statutory discretion by making findings that Tworek was disabled. Holding the trial court's findings proper in their context and not an invasion of Appellants' powers or functions, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

Tworek became a member of CalSTRS in 1993; he was the president of Moreno Valley College. In March 2006, he suffered a stroke while giving a speech. He was on medical leave for three months, and then worked part time as a special assistant to the interim president until he retired in November 2006.

Tworek received counseling about retirement benefits from CalSTRS following his stroke. He met with benefit counselors on June 5, June 16, July 24 and August 31, 2006. After each session, he signed an acknowledgement that he had received information about available benefits, including, "Coverage B—Survivor Benefit/Disability Retirement Handout." Tworek denied he was informed of an available disability retirement option at these sessions. He signed the

2

acknowledgements despite not receiving the paperwork because he was told it was a means of ensuring his counselor got credit for the session. Jackie Olmos, the counselor Tworek met with at the June 16, July 24 and August 31 sessions, told a benefits analyst that she discussed disability retirement with Tworek at the June 16 session, but that she did not do so at the August 31 session. Tworek denied being informed about a disability retirement.

Tworek applied for a service retirement in September and began receiving benefits in November 2006. He would have selected a disability retirement because his benefits would have been higher. Appellants have offered no reasons why Tworek would have chosen a service retirement over a disability retirement. If Tworek received a disability pension, it may have been subject to an offset for worker's compensation.

In September 2008, Tworek applied for disability retirement benefits. He became aware of a disability retirement option in Spring 2008 when he learned of a senate candidate who had taken a disability retirement from CalSTRS due to cancer. Tworek made an appointment with a benefits counselor to apply for a disability retirement and received a "Benefits Counseling Appointment Checklist," which included a question asking if he had "a medical condition that may cause you to retire earlier than planned or apply for a CalSTRS disability benefit." The appointment was cancelled by CalSTRS because Tworek had "already retired."

Tworek's disability retirement application was rejected on October 20, 2008. The rejection letter told Tworek that, as he was already retired, Education Code section

24101, subdivision (a)(3)[1] required him to terminate his retirement benefit and work for a year before a disability retirement could be considered. Tworek requested an executive review of the decision on November 7; the denial was affirmed February 19, 2009.

On May 5, 2009, Tworek requested a hearing before an administrative law judge (ALJ). The one day hearing was held on February 17, 2011. Appellants presented testimony by their employees Analyst Tom Henry and Disability Services Manager Valerie Gutierrez; Tworek testified on his own behalf. Appellants presented no evidence regarding Tworek's disabling condition; Tworek summarily referred to it at two points in his testimony. The question of whether Tworek was actually disabled under Appellants' standards was not the subject of substantial testimony.

The ALJ issued a proposed decision on March 16, 2011. The decision held that Tworek's application was barred by section 24101, subdivision (a)(3). The ALJ rejected Tworek's contention that the section was intended to apply only to retirees who became disabled after they retired, noting that subdivision (a)(6) would not allow a disability retirement to persons who suffered from the disabling condition at the time they resumed work. Further, the ALJ held section 22308, which allows the Board to correct errors by members such as Tworek, did not apply to Tworek because he "did not use the materials sent to him, did not make reasonable inquiries, and was not diligent in obtaining available information before making his allegedly uninformed decision."

---

[1] All further statutory references are to the Education Code unless indicated.

The proposed decision was adopted by the Board on June 1, 2011. Tworek filed a petition for reconsideration with CalSTRS on July 7, 2011; the petition was denied on July 11, 2011. On August 8, 2011, Tworek filed a petition for writ of administrative mandamus in civil court seeking an order directing Appellants to provide disability retirement benefits.

A hearing was held on August 2, 2012, at which the trial court set out its tentative ruling granting Tworek's petition. The trial court heard argument, but no testimony was received at the hearing. The trial court noted it was undisputed Tworek suffered a stroke, and that he had testified he suffered "aphasia, memory problems, balance coordination problems and speech problems." The trial court accepted Tworek's assertion that his 2006 retirement application materials did not contain the question asking about disabling conditions, which appeared in the checklist he received in 2008. Appellants' counsel did not dispute that point. The trial court concluded that, in light of his disabling condition, Tworek did make reasonable inquiry into his options and that Appellants failed to inform Tworek of his options. The trial court stated it would "grant the writ of mandamus that vacates the [administrative] order and remand for further review." At the trial court's direction, Tworek's counsel prepared a statement of decision based upon the court's oral statement of its reasoning.

Appellants objected to the statement of decision, arguing it was improper for the statement of decision to reach the conclusion Tworek was disabled when that fact was not before the trial court as an issue of administrative mandamus. In addition, Appellants asserted the trial court's direction to conduct "'further proceedings

5

consistent with the analysis provided . . .'" in the statement of decision amounted to an instruction to grant Tworek disability benefits, which would impermissibly infringe upon Appellants' vested discretion. At a hearing on the objections, the trial court stated, "the question of whether [Tworek] was disabled or not was at the heart of this action. I did make a finding that the petitioner was disabled, and I believe it is essential to the Court's ruling." The trial court filed the writ on September 28, 2012, along with the judgment and the statement of decision. The writ and judgment directed Appellants "to conduct further proceedings consistent with the court's opinion and judgment."

The trial court's statement of decision stated the stroke rendered Tworek disabled and that "[h]ad [Tworek] properly applied for disability retirement benefits in November 2006, he would have more than likely been eligible for them." It also noted, "[a]s [Tworek] is disabled, he more than likely will not be able to return to work for one year." The trial court ruled section 24101 subdivision (a)(3) was intended to apply to situations where "an individual retires on service retirement, returns to work and then becomes disabled." The trial court reasoned it would not apply, where, as here, "an individual was disabled and went on the incorrect retirement," and that laws relating to pension benefits should be liberally construed so as to meet their "beneficent aims." The trial court stated Tworek's stroke provided a basis on which Tworek could have applied for disability benefits, and that Appellants' efforts did not meet their duty of informing Tworek about the availability of disability retirement benefits. Had Tworek applied, he "more than likely" would have been eligible. "[I]n light of [Tworek's] disability at the time of his counseling sessions," the trial court concluded, he made a

reasonable inquiry such that his delay in seeking a disability retirement was "excusable mistake or neglect." Hence, it found Appellants guilty of an abuse of discretion for failing to employ section 22308 to correct Tworek's error.

**DISCUSSION**

Trial court review of administrative decisions is governed by Code of Civil Procedure section 1094.5. In its review, the trial court must afford a strong presumption of correctness to the administrative findings, but nevertheless makes its own determination regarding the credibility of the witnesses and the evidence. (*Fukuda v. City of Angels* (1999) 20 Cal.4th 805, 817; *Barber v. Long Beach Civil Service Com.* (1996) 45 Cal.App.4th 652, 658.) When exercising its independent judgment, the trial court must review the decision for abuse of discretion, which this statute defines as the weight of the evidence not supporting the findings. (Code Civ. Proc., § 1094.5, subd. (c).)

However, when the appellate court reviews a trial court's decision, it must affirm if it is supported by substantial evidence. "The role of the trial court here was to exercise its independent judgment on the evidence in the case. [Citations.] It is then 'our task . . . to review the record to determine whether the trial court's findings are supported by substantial evidence. [Citation.] The trial court's decision should be sustained if it is supported by credible and competent evidence. [Citation.]' [Citation.]" (*Mansell v. Board of Administration* (1994) 30 Cal.App.4th 539, 544.) "The question on appeal is whether the evidence reveals substantial support—contradicted or

7

uncontradicted—for the trial court's conclusion." (*Breslin v. City and County of San Francisco* (2007) 146 Cal.App.4th 1064, 1078.)

When Tworek applied for a disability retirement, his application was summarily denied under section 24101, subdivision (a)(3), which requires that a member have at least one year of credited service earned after the date on which the member stopped collecting his service retirement. The trial court rejected that contention; Appellants have not appealed that part of the trial court's decision, which held that section inapplicable to Tworek's situation.

Likewise, Appellants have not appealed the trial court's finding that they committed an abuse of discretion by failing to apply section 22308 to correct Tworek's error in not initially applying for a disability retirement. That section limits Appellants' discretion to correct errors in a few instances; under section 22308, subdivision (2)(b) Appellants may not give relief from error where the participant failed "to make the inquiry that would be made by a reasonable person in like or similar circumstances." Appellants employed that subdivision as a further ground to deny relief to Tworek, but do not contest the trial court's finding that Tworek's inquiry was reasonable under his particular circumstances. In any event, we find substantial evidence supports the trial court's decision that Tworek's inquiry was reasonable and sufficient for a person in his situation. Appellants view these findings as completing the trial court's permissible review of the ALJ's decision and their adoption of its findings.

This appeal concerns the trial court's various usages of the words "disabled" and "disability" in referring to Tworek's condition. Appellants argue the trial court

exceeded its scope of review by finding Tworek was disabled, and by directing them to grant Tworek a disability retirement.

The trial court used "disabled" and "disability" in considering whether section 24101, subdivision (a)(3) should have been used to reject Tworek's application. Discussing whether Tworek would have applied for disability benefits if he had been told that such benefits were available, the trial court noted that his stroke caused Tworek to be "disabled"; that he became "disabled" in November 2006; that Appellants never disputed Tworek was "disabled"; and that Tworek is "disabled" such that he is unlikely to return to work within one year. The trial court then weighed whether applying that section to Tworek's case would be unjust and render the statute absurd or nugatory, citing *Olsen v. Breeze* (1996) 48 Cal.App.4th 608, 624, and *Ornelas v. Randolph* (1993) 4 Cal.4th 1095, 1105. Assuming Tworek were disabled, the trial court reasoned, he still could not obtain a disability retirement by complying with the additional service requirements of section 24101, subdivision (a)(3) by returning to work because subdivision (a)(6) prohibited a disability retirement where the reemployed retiree had "a physical or mental condition known to exist at the time the most recent membership in the Defined Benefit Program commenced." The trial court concluded it was an absurd result to deny Tworek's application for failure to comply with requirements impossible to satisfy. The trial court posited Tworek's disability as a means to finding section 24101, subdivision (a)(3) inapplicable to this case.

In weighing whether Appellants abused their discretion by failing to apply section 22308 to give Tworek relief from his error, the trial court used "disability" in

noting that his "stroke caused [Tworek] to be disabled," that Tworek suffered from "disability at the time of his counseling sessions," and that Appellants "never asserted that [Tworek] was not disabled or otherwise entitled to disability retirement in November 2006." The trial court employed the concept of a disability to consider the specific reasonableness of Tworek's reliance upon his retirement counselors and failure to make further inquiry in light of his circumstances. Neither section's references to Tworek as "disabled" or suffering "disability" makes a finding unnecessary to or in excess of its scope of review.

Further, nothing in the trial court's statement of decision restricts Appellants' statutory discretion to decide whether Tworek is disabled for purposes of receiving disability retirement benefits.

Appellants have the statutory discretion to decide disability retirement applications under Education Code section 24103. In reviewing those decisions, the courts are bound by California Code of Civil Procedure section 1094.5, governing the review of administrative orders or decisions. Subdivision (f) states: "[w]here the judgment commands that the order or decision be set aside, it may order the reconsideration of the case in light of the court's opinion and judgment and may order respondent to take such further action as is specially enjoined upon it by law, but the judgment shall not limit or control in any way the discretion legally vested in the respondent." According to Appellants, the above-cited language regarding Tworek's disability "order[s] appellants to approve Tworek's application for disability retirement

benefits rather than permitting appellants to exercise their discretion to reach a decision." We find otherwise and do not believe the trial court so ordered.

In discussing Tworek's eligibility to apply for a disability retirement, the trial court, perhaps unnecessarily, introduced section 22126, which defines disability as "any medically determinable physical or mental impairment that is permanent or that can be expected to last continuously for at least 12 months, measured from the onset of the disability, but no earlier than the day following the last day of actual performance of service that prevents a member from performing the member's usual duties for the member's employer, the member's usual duties for the member's employer with reasonable modifications, or the duties of a comparable level position for which the member is qualified or can become qualified within a reasonable period of time by education, training, or experience." The court did not, however, state that Tworek met those standards: within that section, it found only that "[h]ad [Tworek] properly applied for disability retirement benefits in November 2006, he would have more than likely been eligible for them." Again, in regards Appellants' failure to give Tworek relief from his error, the trial court repeated the exact same formulation. For purposes of weighing the propriety of Appellants' decisions to bar Tworek's claim and to deny him relief from his error, the trial court was of the opinion that Tworek's stroke was "more than likely" disabling. We find no usurpation of Appellants' discretion.

There is no command by the trial court, explicitly or implicitly, to find that Tworek is disabled for purposes of awarding a disability retirement, and no direction that they approve the payment of disability benefits. We note the statement of decision,

11

judgment, and peremptory writ contain no command to the Appellants more specific than that they should undertake "further proceedings consistent with the court's opinion and judgment" or "consistent with the analysis provided" in the opinion and judgment. The trial court did not order Appellants to grant Tworek a disability pension, nor did it express any opinion on the other factors Appellant must consider as part of its exercise of its statutory powers. Appellants have listed some of these additional factors in its briefing; the trial court did not make findings on these matters. Appellants have conceded that, given that they have not appealed the trial court's substantive decisions, "the correct remedy is a writ directing CalSTRS to vacate its decision and reconsider the application based on the trial court's ruling that appellants misapplied Education Code sections 24101 and 22308." This is what the trial court has done.

Tworek has cited cases that he argues would support the trial court's decision to award him a disability retirement. These cases primarily involve appeals following a full administrative hearing. (*Usher v. County of Monterey* (1998) 65 Cal.App.4th 210 [failure to appoint ALJ to hold disability benefits hearing requires reversal; "in theory" a court could order a disability retirement following complete administrative proceeding].) The argument has little traction: contrary to Tworek's assertion, he did not have a "full evidentiary hearing." His claim was summarily denied following the testimony of himself and two benefits counselors whose testimony was mainly devoted to describing their procedures for informing clients of their options. As noted in another of Tworek's cited cases, "mandamus cannot control the lawful exercise of discretion by an agency," but the courts are empowered to review the sufficiency of evidence

supporting an administrative finding. (*Levingston v. Retirement Board* (1995) 38 Cal.App.4th 996, 1000-1001.) In any event, it is unnecessary for us to consider whether the trial court had the power to issue a hypothetical order granting Tworek disability benefits. It did not so do, and we have found the order it issued proper.

## DISPOSITION

The judgment is affirmed. Each side is to bear its own costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>MILLER</u>
J.

We concur:

<u>KING</u>
Acting P. J.

<u>CODRINGTON</u>
J.

13